# United States District Court
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:21-CR-0371-S |
| | § | |
| LARRY WAYNE WINZER (1) | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE CONCERNING PLEA OF GUILTY

After reviewing all relevant matters of record, including the Notice Regarding Entry of a Plea of Guilty, the Consent of the Defendant, and the Report and Recommendation Concerning Plea of Guilty of the United States Magistrate Judge, and no objections thereto having been filed within 14 days of service in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Report and Recommendation of the Magistrate Judge concerning the Plea of Guilty is correct, and it is hereby accepted by the Court. Accordingly, the Court accepts the plea of guilty, and **LARRY WAYNE WINZER (1)** is hereby adjudged guilty of **21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a Schedule II Controlled Substance**. Sentence will be imposed in accordance with the Court's Scheduling Order.

The Defendant is ordered to remain in custody.

**SO ORDERED.**

SIGNED June 21, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

Case 3:21-cr-00371-S   Document 29   Filed 05/17/22   Page 1 of 4   PageID 79



# United States District Court
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

<table>
<tr><td>UNITED STATES OF AMERICA</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>v.</td><td>§</td><td>CRIMINAL ACTION NO. 3:21-CR-00371-S</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>LARRY WAYNE WINZER (1)</td><td>§</td><td></td></tr>
</table>

## REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY

**LARRY WAYNE WINZER (1)**, by consent, under authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), has appeared before me pursuant to FED. R. CRIM. P. 11, and has entered a plea of guilty to **Count One of the Superseding Information.** After cautioning and examining **LARRY WAYNE WINZER (1)** under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted, and that **LARRY WAYNE WINZER (1)** be adjudged guilty of **21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a Schedule II Controlled Substance,** and have sentence imposed accordingly. After being found guilty of the offense by the District Judge:

☑ The Defendant is currently in custody and should be ordered to remain in custody.

☐ The Defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(1) unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person or the community if released.

    ☐ The Government does not oppose release.
    ☐ The Defendant has been compliant with the current conditions of release.
    ☐ I find by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person or the community if released and should therefore be released under 18 U.S.C. § 3142(b) or (c).

    ☐ The Government opposes release.
    ☐ The Defendant has not been compliant with the conditions of release.
    ☐ If the Court accepts this recommendation, this matter should be set for hearing upon motion of the Government.

☐ The Defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) unless: (1)(a) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the Defendant should not be detained; and (2) the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to any other person or the community if released.

SIGNED May 17, 2022.

UNITED STATES MAGISTRATE JUDGE

## NOTICE

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. §636(b)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LARRY WAYNE WINZER

NO. 3:21-CR-00371-S

## PLEA AGREEMENT

Larry Wayne Winzer, the defendant, Laura Harper, the defendant's attorney, and the United States of America (the government) agree as follows:

1.    **Rights of the defendant**: The defendant understands that the defendant has the rights:

        a.    to plead not guilty;

        b.    to have a trial by jury;

        c.    to have the defendant's guilt proven beyond a reasonable doubt;

        d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

        e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. § 841 possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance. The defendant

Plea Agreement—Page 1

5



U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2022 MAR 25   PM 12: 27
DALLAS DIVISION

DEPUTY CLERK_____MS

UNITED STATES OF AMERICA

v.                                                      NO. 3:21-CR-00371-S

LARRY WAYNE WINZER

### FACTUAL RESUME

In support of Larry Wayne Winzer's plea of guilty to the offense in Count One of the Superseding Information, the defendant, Larry Wayne Winzer, the defendant's attorney, Laura Harper, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, 21 U.S.C. § 841(a) and (b)(1)(C) possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.*     That the defendant knowingly possessed a Schedule II controlled substance as charged in the Superseding Information;
>
> *Second.*    That the substance was in fact cocaine; and
>
> *Third.*     That the defendant possessed the substance with intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95 (5th Cir. 2019).

Factual Resume—Page 1

s

Case 3:21-cr-00371-S   Document 30   Filed 06/21/22   Page 5 of 5   PageID 84
Case 3:21-cr-00371-S   Document 19   Filed 03/25/22   Page 1 of 3   PageID 45

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 MAR 25  PH 12: 27

DEPUTY CLERK___ MS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LARRY WAYNE WINZER

Case No. 3:21-CR-371-S
(supersedes indictment filed
August 17, 2021)

The United States Attorney Charges:

## SUPERSEDING INFORMATION

### Count One
Possession with Intent to Distribute a Schedule II Controlled Substance
(Violation of 21 U.S.C. § 841(a) and (b)(1)(C))

On or about June 3, 2021 in the Dallas Division of the Northern District of Texas,

**Larry Wayne Winzer**, the defendant, did knowingly and intentionally possess with

intent to distribute a mixture or substance containing a detectable amount of cocaine, its

salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled

substance.

In violation of 21 U.S.C. § 841(a) and (b)(1)(C).

**Superseding Information - Page 1**